UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

KARL ARCHIBALD, JR.                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 1:18-CV-P63-GNS

WARREN COUNTY REGIONAL JAIL                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will allow some claims to proceed, dismiss others, and allow Plaintiff the opportunity to amend his complaint.

### I. SUMMARY OF COMPLAINT

Plaintiff Karl Archibald, Jr., is a federal pretrial detainee incarcerated at the Warren County Regional Jail (WCRJ). He names WCRJ as the sole Defendant in this action.

In the complaint, Plaintiff first claims that his rights are being violated because he is not allowed to "freely exercise" his religion because he is not allowed to wear his Islamic "coofi"[1] outside of his cell. He also alleges that, during Ramadan, he was served unpackaged food prepared by other inmates. Plaintiff indicates that his Ramadan diet consisted of "green apple; (2) bologna sandwiches; Lay potato chips, open cup of lettuce. Breakfast: Peanut Butter spread in Styrofoam tray to pieces of lite bread, and green apple, and packaged flavor aid." Plaintiff also states that he did not he did not receive breakfast or dinner for two days during Ramadan. Plaintiff further states that he asked "to get off their belief of practice for Ramadan," but was told that his "request to come off their belief of Ramadan practices weren't

---

[1] The Court presumes Plaintiff intends to reference a "kufi" here. A kufi is a small, round, head covering with religious significance for Muslims. *Muhammad v. Lynaugh*, 966 F.2d 901, 902, n.1 (5th Cir. 1992).

to go in until weekday." Plaintiff attaches to the complaint a grievance he filed related to his diet concerns. In this grievance, Plaintiff states he that is not being fed at the proper time, that his food has been touched by numerous people, and that he does not get "hot food like [he] should." He writes "they only give me two sack lunches." A jail official seemingly responded as follows to Plaintiff's grievance: "Jail standards require 2400 calories per day. Ramadan requires fasting from sun-up to sun-down. Inmate did not turn in request to be removed from Ramadan." In what appears to be Plaintiff's reply to this response, he writes: "Nothing was said or done about religious bias or disrespect."

Plaintiff next alleges that his rights have been violated because he has not been seen by a nurse practitioner even though he needs mental health medication and has sores on his face, which cause swelling, bleeding, and difficulty sleeping. He states that he has filed several medical requests and that he is always told that he is on "the list" to see the nurse practitioner.

Plaintiff also claims that his rights are being violated because he does not have access to an updated law library and because he is not allowed to "copy discovery on CD to paper" so he can have hard copies in his cell to study. In addition, he states that he has made several requests for a notary but that these requests have been denied.

Throughout his complaint, Plaintiff also alleges that he has filed grievances regarding his various issues at WCRJ but that he has never received responses. He writes that the grievances at WCRJ "seem to disappear."

As relief, Plaintiff seeks compensatory and punitive damages, and injunctive relief in the form of release from detention and "28 U.S.C. §§ 2241, 2254, and 2255."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant WCRJ is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against it are actually against Warren County as the real party in interest. *Id*. ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

### A. Ramadan Claims

Based upon the allegations in the complaint concerning Ramadan, Plaintiff claims that his First (free exercise), Eighth (cruel and unusual punishment)[2], and Fourteenth Amendment (religious discrimination) rights are being violated. The Court will allow these claims to proceed

---

[2] The Fourteenth Amendment, not the Eighth Amendment, applies to Plaintiff's claims because he is a pretrial detainee, not a convicted prisoner. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees."); *see also id.* at 938 n.3 (noting that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), may abrogate the subjective intent requirement of a pretrial detainee's deliberate indifference claim).

against Defendant Warren County, as well a claim under The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a).[3]

## B. Access-to-Courts Claims

The Court next turns to Plaintiff's allegations that WCRJ has an inadequate law library and that he has been denied access to a notary and the ability to make hard copies of "discovery" materials.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance"). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. (quoting *Bounds v. Smith*, 430 U.S. at 825). In order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Id*. at 349. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. Rather, "'[m]eaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a

---

[3] Although Plaintiff's complaint makes no mention of RLUIPA, other circuits have held that it is error for a district court not to consider a RLUIPA claim where a *pro se* plaintiff has alleged a constitutional freedom of religion claim. *See Smith v. Johnson*, 202 F. App'x 547, 549 (3d Cir. 2006) ("We apply the relevant law, regardless of whether the pro se litigant has identified it by name"; noting that the Second and Tenth Circuits also have remanded cases to the district court for a determination under RLUIPA even where the RLUIPA was not alleged in the complaint). This Court, therefore, construes Plaintiff's complaint as asserting a claim under RLUIPA.

case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Furthermore, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The *Christopher* Court clarified that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

In the present case, Plaintiff fails to allege actual injury or prejudice to any pending legal action or state how any legal action in which he is involved was hindered. Accordingly, Plaintiff's allegations that he was denied access to a law library, notary, and the ability to make copies fail to state a constitutional claim upon which relief may be granted. *See, e.g.*, *McFadden v. Fischer*, No. 16-CV-6105-FPG, 2016 U.S Dist. LEXIS 136651, at *37-38 (W.D.N.Y. Sept. 30, 2016) (dismissing plaintiff's claim that denial of typing, notary, and copying services violated his right of access to the courts because plaintiff offered no facts showing that a non-frivolous legal claim had been frustrated or impeded by this denial); *Martin v. Sizemore*, No. 05-CV-105-KKC, 2005 U.S. Dist. LEXIS 46169, at *15 (E.D. Ky. June 22, 2005) (no denial-of-access-to-courts claim based upon allegations of lack of pens, typewriter, notary public, certified mail services, or updated law library because plaintiff had not pled or sustained an actual injury or prejudice).

## C. Medical Care Claims

The Court next turns to Plaintiff's claims related to the alleged denial of medical care. Plaintiff claims that his constitutional rights have been violated at WCRJ because he has not been seen by a nurse practitioner for the swollen sores on his face or for his mental health medication. In light of the municipal liability standard set forth above, these allegations fail to state a claim upon which relief may be granted because they do not suggest that any violation of Plaintiff's rights occurred as the result of a custom or policy implemented or endorsed by Warren County.

Nonetheless, the Court will allow Plaintiff the opportunity to amend his complaint to name as Defendants in this action any officials who were allegedly deliberately indifferent to his serious medical needs under the Fourteenth Amendment, to name these Defendants in their individual capacities, and to describe facts detailing what each Defendant allegedly did to violate his rights. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].")

## D. Grievance Issues

As noted above, Plaintiff also alleges that he has filed grievances related to his various issues at WCRJ but that he has not received responses to them. He alleges that his grievances "seem to disappear."

The Sixth Circuit has held that prisoners do not have a constitutionally protected liberty interest in an inmate grievance procedure. *See, e.g.*, *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (holding there is no inherent constitutional right to an effective prison grievance procedure.). Moreover, failure to reply to prison grievances is not sufficient to state a § 1983

claim. *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *McGee v. Grant*, 863 F.2d 883 (6th Cir. 1988) ("[I]nmate grievance procedures are not constitutionally required in state prison systems, therefore, any failure on the part of defendants to follow grievance procedures does not give rise to a § 1983 claim."); *Butterworth v. Jones*, No. 3:07cv1073, 2007 U.S. Dist. LEXIS 80419, at *5 (M.D.Tenn. Oct. 30, 2007) ("Although prisoners have a First Amendment right to file grievances, . . . [they] cannot premise a § 1983 claim against [a prison official] based on allegations that the grievance procedure produced an inadequate and/unresponsive result because there is no inherent constitutional right to a grievance procedure in the first place.") (citations omitted).

Thus, any claim based upon WCRJ's failure to respond to grievances fails to rise to the level of a constitutional violation and must also be dismissed for failure to state a claim upon which relief may be granted.

### E. State Law and State Administrative Regulations

Finally, the Court notes that throughout this complaint, Plaintiff alleges that WCRJ has violated certain state statutes and various Kentucky Administrative Regulations. However, as stated above, § 1983 claims may only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Thus, allegations of state law violations will not support a § 1983 claim. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005); *Neinast v. Bd. of Trs. of the Columbus Metro. Library*, 346 F.3d 585, 597 (6th Cir. 2003). "A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the

enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules." *Archie v. Racine*, 847 F.2d 1211, 1217 (7th Cir. 1998). Similarly, a § 1983 claim may not be based upon a violation of state procedure or policy that does not violate federal law. *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *McVeigh v. Bartlett*, No. 94-23347, 1995 U.S. App. LEXIS 9509 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest).

Thus, Plaintiff's § 1983 claims based upon a failure to follow state law and/or policy are without merit and will be dismissed from this action.

### F. Injunctive Relief

Finally, Plaintiff states that he seeks injunctive relief in the form of "28 U.S.C. §§ 2241, 2254, and 2255." Plaintiff, however, may not seek habeas relief in a 42 U.S.C. § 1983 civil rights action. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, . . . [while] § 2254 habeas and § 2255 proceedings, . . . are used to collaterally attack the validity of a conviction and sentence."). By contrast, claims arise under the civil rights laws if the offender is challenging the conditions of his confinement, as Plaintiff is here. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). For these reasons, Plaintiff's request for injunctive relief under these statutes will be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

**The Clerk of Court is DIRECTED to substitute Warren County for the WCRJ as the Defendant in this action.**

**IT IS HEREBY ORDERED** that Plaintiff's claims based upon a denial of access to the courts, the denial of medical care, the failure to respond to grievances, the failure to follow state law and/or policy, and for habeas relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** to name as Defendants in their individual capacities any officials who were allegedly deliberately indifferent to his serious medical needs and to describe the facts detailing what each Defendant allegedly did to violate his rights.

**The Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint. The Court will conduct an initial review on the amended complaint pursuant to 28 U.S.C. § 1915A.

The Court will enter an Order Directing Service and Scheduling Order to govern the development of the continuing claims after review of the amended complaint or, if none is filed, after expiration of the time in which to file such has expired.

Date: October 23, 2018

cc: Plaintiff, *pro se*
    Defendant
    Warren County Attorney
4416.011

**Greg N. Stivers, Judge**
**United States District Court**